IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| R R, individually and b/n/f LATINA CULVER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF EAST CHICAGO, INDIANA, EAST ) | 2:12-cv-93 |
| CHICAGO POLICE DEPARTMENT, ) | |
| AUGUSTO FLORES, JR., in his official ) | |
| capacity as Chief of Police, OFFICER R. ) | |
| FAVELA, in his official and individual ) | |
| capacities, and SCHOOL CITY OF EAST ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss [DE 24] filed by the defendant, School City of East Chicago, on April 2, 2013. For the following reasons, the motion is **DENIED**.

Background

The plaintiff, R.R., filed his complaint on January 31, 2012, alleging that he suffered physical harm as a result of the negligence of the defendant, School City of East Chicago. The school city filed an answer on March 19, 2012. On August 15, 2012, the school city served Interrogatories and Requests for Production on counsel for the plaintiff. The school city did not receive a response, and it sent a letter to plaintiff's counsel on October 2, 2012, advising him that the responses were late. On October 18, 2012, the school city's attorney received an email from the plaintiff's attorney, which stated that he had not heard from his client despite several

1

attempts to contact him. The school city never received responses to the outstanding discovery requests. On October 29, 2013, the school city's counsel sent an e-mail to the plaintiff's attorney stating that it would file a motion to compel if the responses were not provided.

On December 7, 2012, the plaintiff's counsel was granted leave to withdraw. At this time, the court ordered the plaintiff to respond to the school city's discovery requests within ten days. On April 2, 2013, the school city filed the present motion, asking the court to dismiss this matter because it has not received responses to the outstanding discovery or had communication with the plaintiff.

## Discussion

The school city's motion asked the court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). However, in its memorandum in support of its motion to dismiss, the school city asked the court to dismiss this case as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2)(A). The court will evaluate the school's motion under this standard. Rule 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. *See* ***Chambers v. NASCO, Inc***., 501 U.S. 32, 44, 47,111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party); ***Barnhill v. United States***, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." ***Rice v. City of Chicago***, 333 F.3d 780, 784 (7th Cir. 2003) (citing ***Williams v. Chicago Bd. of Educ***., 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. ***Collins v. Illinois***, 554 F.3d 693, 696-98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. ***Barnhill***, 11 F.3d 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing*.* ***Sun v. Board of Trustees***, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); ***Maynard v. Nygren***, 332 F.3d 462, 467-468 (7th Cir. 2003); ***Danis v. USN Communications, Inc***., 2000 WL 1694325, 33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a

hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. *Marrocco v. General Motors*, 966 F.2d 220, 223-224 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Maynard,* 332 F.3d at 468-469; *Large v. Mobile Tool International, Inc.,* 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement— a finding of willfulness, bad faith or fault— comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 468-469 (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.,* 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). *See also* **Wellness International Network, Ltd. v. Sharif**, ---F.3d ---, 2013 WL 4441926, *23 (7th Cir. 2013). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can

apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468. *See also Melendez v. Illinois Bell Co.*, 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant."). "Another necessity flowing from the severity of the sanction is that a court must give at least the party's attorney notice and an opportunity to respond before entering a default judgment (or dismissing the case), but there need not be repeated warnings formalized in writing." *Wellness*, ---F.3d---, 2013 WL 4441926, *23 (7th Cir. Aug 21, 2013).

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224; *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct—or lack thereof— which eventually culminated in the violation." *Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); *Larson v. Bank One Corp.*, 2005 WL 4652509, *9 (N.D. Ill. August 18, 2005) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

The school city argues that the plaintiff's conduct has been egregious and that less severe sanctions would prove unavailing because the plaintiff did not respond to his counsel's or defense counsel's communications. The court acknowledges that the plaintiff has a history of failing to respond to both counsel and the court. However, the court has not employed less severe sanctions and because the plaintiff is *pro se*, it is not certain that he is aware of the harsh sanction he could face as a result of failing to respond to the school's discovery request. For this reason, the court **DENIES** the school's motion to dismiss and **ORDERS** the plaintiff to respond to the school's discovery requests within fourteen days. The court **ADVISES** the plaintiff that the failure to respond will result in the dismissal of the case.

ENTERED this 30th day of August, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge